

```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

| | |
|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY, | |
| Plaintiff and Counter-defendant, | CIVIL ACTION NO. 08-AR-1065-S |
| v. | |
| JERRY RAY HERRING, LAURIE MCCALL, and NEW WORLD CLOSING SERVICES, INC., | |
| Defendants, | |
| LAURIE MCCALL, | |
| Counterclaimaint, | |
| JERRY RAY HERRING, | |
| Counterclaimant and Third-Party Plaintiff, | |
| v. | |
| SAMUEL MARTIN MCCALL, | |
| Third-Party Defendant. | |

## MEMORANDUM OPINION AND ORDER

This case is before the court because an entry of default has been taken against defendant New World Closing Services, Inc. ("New World"). It appears that this action may finally get moving toward a resolution.

### Pertinent Procedural History

1

On June 16, 2008, plaintiff, Commonwealth Land Title Insurance Company ("Commonwealth"), filed this action against defendant Jerry Ray Herring ("Herring"). On September 12, 2008, Herring answered, and, on October 2, 2008, Herring filed a counterclaim. On September 22, 2008, Commonwealth and Herring conducted a Rule 26(f), Fed. R. Civ. P., meeting, and on September 25, 2008, the court entered a scheduling order, which has been subsequently amended. *See* (Ct.'s Order Feb. 17, 2009; Ct.'s Mem. Op. and Order Mar. 31, 2009).

On October 16, 2008, Herring filed a third-party complaint against third-party defendant, Samuel Martin McCall ("S. McCall"). On October 22, 2008, Commonwealth filed an amended complaint against Herring and answered Herring's counterclaim. On December 17, 2008, S. McCall was served with process, and, on December 31, 2008, S. McCall responded to Herring's third-party complaint by filing a paper styled "Response To Third Party Complaint By Jerry Ray Herring and Third Party Complaint Against Cynthia Lorraine McCall."[1] S. McCall appears *pro se*. This paper is in reality an answer to the third-party complaint.

On January 7, 2009, Commonwealth filed a motion for partial summary judgment against defendant Herring. On January 8, 2009, the court entered a submission order. On February 4, 2009, Herring filed a response to Commonwealth's motion. On February 18, 2009,

---

[1] Cynthia Lorraine McCall was later dismissed from the action. (Ct.'s Order Jan. 20, 2009.)

Commonwealth filed a second amended complaint against Herring, New World, and Laurie McCall ("L. McCall"). No reply brief was filed by Commonwealth.

Pursuant to the court's order of February 17, 2009, Commonwealth filed its position regarding its pending motion for partial summary judgment saying:

> [Commonwealth] requests that its Motion for Partial Summary Judgment be held under submission without a ruling from the Court until such a time as the newly-added defendants have had an opportunity to review and respond to said Motion. . . . [Commonwealth] respectfully requests that the Court enter a **supplemental and amended briefing schedule** setting the deadline for Defendants Laurie McCall and New World Closing Services, Inc.'s response, if any, to Plaintiff's Motion for Partial Summary Judgment, and for Plaintiff to file a reply thereto, if any is needed. Undersigned counsel has consulted with counsel for [Herring] as to this proposed procedure; he has no objection thereto.

(Pl.'s Position As To Its Pending Mot. for Partial Summ. J. Feb. 27, 2009)(emphasis added).

The court's order of March 5, 2009, instructed that the motion for partial summary judgment would be held in abeyance and a new submission order would be entered if and when Laurie McCall and/or New World filed an appearance.

In regards to the scheduling order, the court's order of March 31, 2009, states:

> **Parties added after the entry of the scheduling order are not bound by the order unless they agree to it. In all likelihood, deadlines will have to be adjusted after the new parties appear.** One new party, third-party defendant, [S. McCall] has already filed an appearance. He will be bound by the present scheduling order unless within seven (7) calendar days he formally moves for its amendment.

(emphasis added; emphasis omitted). S. McCall did not move to amend the scheduling order.

Laurie McCall was served on June 1, 2009. On June 19, 2009, appearing *pro se*, she answered Commonwealth's second amended complaint and filed a counterclaim. On July 28, 2009, an entry of default was taken against New World.

### ORDER

L. McCall has not agreed to be bound by the September 25, 2008, scheduling order, as amended. She will be bound by the present scheduling order unless, on or before **August 10, 2009, she formally moves for its amendment and/or requests a supplemental Rule 26(f) meeting.**

If it so desires, **on or before August 10, 2009,** Commonwealth may amend its position as to its pending motion for partial summary judgment. If no such amendment is filed, Commonwealth's position as of February 27, 2009, will remain its position and the court will issue an amended and supplemental submission order.

Any supplemental and amended briefing schedule will be issued after August 10, 2009. To the extent the court's order of March 5, 2009, is inconsistent with the foregoing, it is **AMENDED**.

DONE this 29th day of July, 2009.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE